# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-1277

PHILIP SELLENS, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before IVERS, *Chief Judge*, and GREENE and KASOLD, *Judges.*

## O R D E R

On July 19, 2004, in a single-judge order, the Court vacated the June 20, 2001, decision of the Board of Veterans' Appeals that declined to reopen claims for service connection for a low back condition and bilateral hearing loss, and remanded the matter.

On August 9, 2004, the Secretary filed a timely motion for reconsideration or, in the alternative, for a panel decision pursuant to Rule 35(b) of the Court's Rules of Practice and Procedure. On September 14, 2004, the Court denied the motion for reconsideration and referred the alternative motion for a panel decision to a panel for disposition.

Upon consideration of the foregoing, the record on appeal, and the parties' prior pleadings, it is

ORDERED that the motion for a panel decision is denied.

DATED: November 30, 2004 PER CURIAM.

KASOLD, *Judge*, dissenting: I respectfully dissent from the denial of the Secretary's motion for panel consideration in this case. The Secretary persuasively argues that the Court erred when it found that he failed to provide the statutory notice required by section 5103(a), title 38, United States Code, and that the Court should not have vacated the decision of the Board of Veterans' Appeals (Board) and remanded the matter for readjudication.

Succinctly stated, the record supports the finding by the Board that the Secretary notified Mr. Sellens that his claim could be reopened only if he presented new and material evidence. *See* Record (R.) at 3-4, 737, 784, 797; Supplemental R. at 1-2. The record also shows that the Secretary defined what type of evidence would be considered new and material. *Id.* Although the Secretary did not notify Mr. Sellens of what evidence the Secretary would attempt to obtain, the duty to notify is not absolute. Notice is only required if the Secretary is going to actually attempt to obtain information

or evidence.  *See* 38 U.S.C. § 5103(a) (Secretary is required to "indicate which portion of that information or evidence, **_if any_**, is to be provided by the claimant and which portion, **_if any_**, the Secretary . . . will attempt to obtain") (emphasis added).

Even assuming arguendo that it was error for the Secretary to fail to provide notice of what information or evidence he would attempt to obtain, I cannot fathom any prejudice to Mr. Sellens. *See* 38 U.S.C. § 7261(b)(2) (Court "shall . . . take due account of the rule of prejudicial error"); *see also Marciniak v. Brown*, 10 Vet.App. 198, 201 (1997) (indicating appellant must allege and demonstrate prejudice or Court will conclude a procedural error is harmless); *Parker v. Brown*, 9 Vet.App. 476, 481 (1996) (same).  The notice Mr. Sellens received clearly informed him that he had to submit new and material evidence to have his claim reopened.  Accordingly, I believe Mr. Sellens' appeal should have been decided on the merits.

For the foregoing reasons, I respectfully dissent.